UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CR-20849-WILLIAMS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TAIMY NAVARRO,

    Defendant.

_____

### TAIMY NAVARRO'S SENTENCING MEMORANDUM

Defendant, Taimy Navarro, pursuant to Rule 32 of the Federal Rules of Criminal Procedure, ***United States v. Booker***, 125 S.Ct.738 (2005), 18 U.S.C. §3553 (a), and the additional authorities set forth in the incorporated memorandum of law, submits this Sentencing Memorandum to assist the Court in Ms. Navarro's sentencing hearing, which is set for August 14, 2020.

Ms. Navarro pled guilty to one count of Aggravated Identity Theft, 18 U.S.C. §1028A(a)(1), a Class E felony. The basis for this crime is Ms. Navarro's act of selling a pharmacy technician certificate with the forged signature of the deceased former administrator (hereafter "E.F.") of Global Training School (hereafter "GTS") to an undercover agent.  Navarro's action represents a continuation of a scheme created by E.F.  Navarro readily admitted to law enforcement that she previously sold forged GTS technician certificates containing

E.F.'s signature. Pursuant to the Plea Agreement, the Government and Ms. Navarro have stipulated that there is no loss amount correlating to her actions. The parties further agree that Ms. Navarro should receive a three-level reduction for her timely acceptance of responsibility. However, since she is charged with aggravated identity theft her sentence, pursuant to statute, is imprisonment of twenty-four months.

Despite the above statutorily required sentence, Ms. Navarro believes that after application and evaluation of the various factors set forth at 18 U.S.C. § 3553 (a), a lower sentence should be imposed in this case.

## Nature and Circumstances of the Offense.

When evaluating the nature and circumstances of Ms. Navarro's criminal activity it is important to consider various factors. First, while the selling of a fraudulent pharmacy technician certificate is a serious matter, this crime was not committed in an overly sophisticated method. Ms. Navarro would simply print the certificate from a PC and sign E.F.'s name. No real skill or knowledge was needed to achieve this result. Further, the actions of Ms. Navarro resulted in no specific or definable loss that can be attributed to Ms. Navarro. The government has provided no specific loss attributable to Navarro's use of E.F.'s identity.

Although Ms. Navarro did sell a pharmacy technician certificate to Idalmis Moronta Diaz (hereafter "Diaz"), such conduct cannot be considered a predicate to

Diaz' subsequent unilateral act of opening a pharmacy and fraudulently billing Medicare. In fact, it is indisputable that a pharmacy technician certificate is not a prerequisite to opening a pharmacy. A correlation between Diaz' actions and corresponding loss to Medicare and Ms. Navarro is tenuous at best. It does not does not pass muster when examined in light of the "relevant conduct" definition. It is inconceivable that Ms. Navarro could reasonably foresee that the purchase of a fraudulent certificate would result in Diaz opening a pharmacy and thereafter improperly billing Medicare. Utilizing the $609,589.35 loss caused by Diaz to measure Navarro's punishment is unsustainable.

According the Factual Proffer, Plea Agreement and Presentence Investigation Report, Ms. Navarro personally sold only a very limited number of certificates. Thus, a more accurate measure of the loss amount for determining her punishment would be to use the amount of money Ms. Navarro generated from her actions. For preparing and delivering a certificate, Ms. Navarro would collect between $1,500.00 and $2,000.00. The relevant conduct in this case has Ms. Navarro selling two certificates which equates to a loss of $4,000.00. Contrary to the $609,589.35 loss caused by Diaz, this calculation represents a more accurate perspective that is commensurate with Ms. Navarro's actions.

It is also notable that the government has chosen NOT to prosecute any individual involved in the purchase of the fraudulent pharmacy certificate.

## Characteristics of the Defendant.

In evaluating her true character, Ms. Navarro would ask the Court to look at the letters of support she received from family, friends and associates. These statements reflect Ms. Navarro's good qualities. A common theme throughout these statements is Ms. Navarro's unselfish and giving character. Ms. Navarro has given tirelessly of her time to friends, relatives and even just mere acquaintances. As Minerva Rios wrote in her letter to your Honor, Ms. Navarro *"a responsible young lady Always concern about other well being."* Ms. Rios went on to discuss how, "I as an older person without a spouse and not enough income to pay for such service, have benefit from her kindness."

The root of why Navarro committed this crime was not the lure of having a lavish lifestyle, fancy jewelry or parties. Her merger profit only modestly supplemented her lifestyle.

As is detailed in the PSR, Ms. Navarro resides with and is the care giver for her mother, brother and six year old grand-niece. Her mother is in her early eighties and has recently undergone knee replacement and back surgery. Here brother, who is disabled, suffers from a bipolar disorder and is recently in remission of lymphatic cancer. She shoulders the burden of being supporting and caring for her family

Although she has no children of her own, Ms. Navarro is helping to raise her

**Donet, McMillan & Trontz, P.A.,** Attorneys at Law
Suite 406, Continental Plaza, 3250 Mary Street, Coconut Grove, FL 33133
• Phone 305-444-0030 • Fax 305-444-0039 • www.dmt-law.com

brother's granddaughter.  In addition to continuing her education, Ms. Navarro continues to assist family members in everyday matters as simple as taking her mother and brother around for medical appointments, dispensing medications, doing homework with her grandniece and preparing meals.

### The Need to Reflect the Seriousness of the Offense, Promote Respect for the Law and Provide Just Punishment.

Ms. Navarro realizes and understands the seriousness of her offense.  She is committed to never again engage in any criminal behavior.  She has been taking classes at Miami-Dade College to earn his associates degree and eventually a bachelor's degree.  From the summer of 2019 through the spring of 2020 she has earned straight A's in all of her classes.  Consistently, she has achieved the Term Honor, Dean's List.

### The Need to Protect the Public from Other Crimes of the Defendant.

The criminal behavior displayed by Ms. Navarro is a very small fraction of the individual she has been throughout her life.  Given her strong work ethic, family support and focus on education, Ms. Navarro is not an individual that will recidivate.  She has learned her lesson.  Her past law-abiding life and important family responsibilities will guide her to a future without crime.

### The Kind of Sentences Available.

Ms. Navarro submits that a sentence shorter than the mandatory sentence of two years is appropriate in this instance.  She is greatly needed by her family and a

shorter sentence would serve the goals of punishment and deterrence.

## Conclusion.

A sentence below the applicable two-year imprisonment is warranted and justified in this case for the reasons detailed above. The most important of the factors is the nature and characteristics of Ms. Navarro and the nature, circumstances and seriousness of this offence.

Ms. Navarro has accepted and admitted her wrong doing. She has taken steps to affirmatively better her position and she has vowed to never violate the law again. A sentence below the statutory requirement would serve the fundamental purpose of a sentence that is not greater than necessary to meet the statutory goals of 18 U.S.C. § 3553 (a).

Respectfully submitted,

**Donet, McMillan & Trontz, P.A.**

By: /s/ Larry T. McMillan
Larry T. McMillan
Attorney for Taimy Navarro

## CERTIFICATE OF SERVICE

**I CERTIFY** that on August 3, 2020, the undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

**Donet, McMillan & Trontz, P.A.**

By: /s/ Larry T. McMillan
Larry T. McMillan

Florida Bar No.: 998745
Attorney for Taimy Navarro
3250 Mary Street, Suite 406
Miami, Florida 33133-3250
Telephone: (305) 444-0030
Fax: (305) 444-0039
Email: mcmillan@dmt-law.com
Email: paralegals@dmt-law.com